UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PROGRESSIVE PALOVERDE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:11-cv-00290-TWP-DKL |
| | ) |
| BEATRICE BISHOP, MONICA MARLING, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Defendants. | ) |

**ENTRY ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

**I. Background**

This insurance coverage dispute comes before the Court on cross motions for summary judgment. On September 18, 2009, Beatrice Bishop ("Ms. Bishop") and Monica Marling ("Ms. Marling") were involved in a car accident. Both individuals had personal automobile coverage: Ms. Bishop had insurance with American Family Mutual Insurance Company ("American Family"), while Ms. Marling had insurance with Plaintiff Progressive Paloverde Insurance Company ("Progressive"). On February 16, 2010, Ms. Bishop filed a lawsuit in state court against Ms. Marling for negligence, seeking damages for bodily injuries sustained during the accident and loss of earning capacity. Ms. Bishop's lawsuit also named her insurer, American Family, claiming that it was obligated to pay underinsured benefits pursuant to her automobile policy. That lawsuit remains pending.

On February 24, 2011, Ms. Marling's insurer, Progressive, filed the present action for declaratory relief against Defendants Bishop, Marling, and American Family. The crux of Progressive's argument is that it is not obligated to provide coverage to Ms. Marling due to the

applicability of an exclusion clause in its automobile policy. Specifically, the exclusion involves "**bodily injury** or **property damage** arising out of the . . . use of any vehicle . . . while being used to carry persons or property for compensation or a fee, including, but not limited to . . . pickup or delivery of . . . food[.]" As it happens, at the time of the accident, Ms. Marling was clocked in at La Raza Pizza, Inc. *doing business as* Pizza Hut, where she worked as a pizza delivery person. In addition to an hourly wage, Ms. Marling was also reimbursed $0.50 for each order delivered in her vehicle. Just before the accident, Ms. Marling had filled up her gas tank after delivering a pizza to a customer, and was on her way back to Pizza Hut. There was no pizza in her vehicle at the time of the accident (obviously, since she had just delivered it). Additional facts are added below as needed.

## II. Summary Judgment Legal Standard

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to

conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotations omitted).

### III. Discussion

Given that this case is based on diversity jurisdiction, the Court must apply Indiana law to determine whether the exclusion in Progressive's auto policy applies. *See Colip v. Clare*, 26 F.3d 712, 714 (7th Cir. 1994). Under Indiana law, the interpretation of an insurance policy is a question of law appropriate for summary judgment. *National Athletics Sportswear, Inc. v. Westfield Ins. Co.,* 528 F.3d 508, 512 (7th Cir. 2008). "If the language in the insurance policy is clear and unambiguous, then it should be given its plain and ordinary meaning[.]" *Id.* Ambiguous language in insurance policies, however, will be "strictly construed" against the insurance company. *USA Life One Ins. Co. v. Nuckolls,* 682 N.E.2d 534, 538 (Ind. 1997). And this is especially true where, as here, the language "concerns an exclusion clause." *Id*.

But, obviously, ambiguity does not arise merely because the two parties have different interpretations of the policy language. *Id*. Otherwise, every lawsuit about policy language would lead to a finding of ambiguity. Instead, "the policy is ambiguous only if it is susceptible to more than one interpretation and reasonably intelligent persons would differ as to its meaning." *Id*. (citation and internal quotations omitted). Thus, a court "will not artificially create ambiguity where none exists." *Phillips v. Lincoln National Life Ins. Co.*, 978 F.2d 302, 308 (7th Cir. 1992). Perhaps one effective way to conceptualize these principles is that "[r]ules

3

of interpretation are tie-breakers, even when the words being interpreted appear in insurance policies." *Id*. at 313. (citation and internal quotations omitted).

Progressive claims that its automobile policy does not cover Ms. Bishop's injuries because Ms. Marling "was within the scope of her employment as a pizza delivery person at the time of the accident and that such conduct excludes coverage by the Progressive auto policy." (Dkt. 56 at 3). The language of the exclusion at issue reads as follows:

> Coverage under this Part 1, including **our** duty to defend, will not apply to any **insured** person for:
>
> 1. **bodily injury** or **property damage** arising out of the ownership, maintenance, or use of <u>any vehicle</u> or trailer while being used to <u>carry</u> persons or property <u>for compensation or a fee,</u> including, but not limited to pickup or delivery of magazines, newspapers, food, or any other products. This exclusion does not apply to shared-expense car pools;

(emphasis added). At first blush, the exclusion appears to be clear, unambiguous, and supportive of Progressive's arguments in favor of summary judgment. After all, it is undisputed that, at the time of the accident, Ms. Marling had just finished delivering a pizza and was in the process of returning to Pizza Hut. On this straightforward point, Progressive moves for summary judgment.

In response to Progressive's motion for summary judgment, American Family has filed a response/cross motion for summary judgment. In addition, Defendant Bishop filed a response. Ms. Marling, a *pro se* Defendant, failed to respond. Collectively, Defendants Bishop and American Family make four separate arguments – two relating to policy language and two relating to factual issues – in an attempt to stave off summary judgment. Their arguments can be summarized as follows: (1) the phrase "any vehicle" in the exclusion is ambiguous; (2) the phrase "for compensation or a fee" in the exclusion is ambiguous; (3) a question of fact exists as to whether Ms. Marling was using her vehicle to "carry . . . food" at the time of the collision; and

4

(4) the fact that Ms. Marling had stopped for gas before returning to Pizza Hut precludes summary judgment. Each of these four arguments is addressed in turn.

**A.    Policy Interpretation Arguments**

As discussed, Defendants make two policy interpretation arguments in attempt to create an ambiguity. First, American Family argues that the term "any vehicle or trailer" is ambiguous when read in conjunction with the rest of the policy. The crux of this argument is that Progressive's auto policy defines the word "auto," the phrase "covered auto," and the word "trailer"; however, it does not define the word "vehicle." Thus, according to American Family, "vehicle" has a separate and distinct meaning from "auto" or "covered auto." From there, American Family makes the inferential leap that because Ms. Marling's car was clearly an "auto" or "covered auto," it cannot also be a "vehicle." Or, at the very least, American Family argues that because "vehicle" isn't defined, it is unclear what this term encompasses, and it is therefore ambiguous.

The Court is not persuaded. It is well-settled that the failure to define a term in an insurance policy does not automatically make that term ambiguous. *See Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 667 (Ind. 1997) (citation omitted). On this point, *Neal v. American Family Mut. Ins. Co.*, 945 F. Supp. 1198 (S.D. Ind. 1998) is particularly instructive. In that case, Judge Dillin rejected the insured's argument that an exclusion using the term "motor vehicle" was ambiguous because it was broader than the word "car," which was defined in the policy liability provision. *See id.* at 1201 ("We do not believe the use of the phrase 'motor vehicle' in the exclusion clause rather than the words 'car' and 'utility trailer' as used in the liability provisions make American Family's meaning any less clear . . . ."). Giving the term its plain and

5

ordinary meaning, "any vehicle" is a broad term that plainly includes Ms. Marling's vehicle. A contrary ruling would be the product of strained semantics.

Second, Ms. Bishop contends that the phrase "for compensation or a fee" is ambiguous. To bolster this claim, Ms. Bishop relies on *Progressive Ins. Co. v. Harger*, 777 N.E.2d 91 (Ind. Ct. App. 2002) and *U.S. Fidelity & Guaranty Co. v. Lightening Rod Mut. Ins. Co.*, 687 N.E.2d 717, 718 (Ohio 1997). In addition to these cases, Ms. Bishop could have also potentially found support in *Progressive Cas. Ins. Co. v. Metcalf,* 501 N.W.2d 690, 692 (Minn. Ct. App. 1993) (finding exclusion with "for a fee" language ambiguous) and *RPM Pizza, Inc. v. Automotive Cas. Ins. Co.,* 601 So.2d 1366, 1368-70 (La. 1992) (same). But, importantly, all of these cases are inapposite. As Progressive notes, since the decision in *Harger*, it has added the far more encompassing word "compensation" in addition to "fee."

The inclusion of this additional term is a significant, as it is undisputed that Ms. Marling received "compensation" for delivering pizzas. Moreover, it appears that she also received a "fee" – at least as that term is used in common terminology – given that she was paid $0.50 for each order delivered in her vehicle. And, as a practical matter, Ms. Marling certainly received one or the other. Therefore, the Court finds that this language is unambiguous, which is consistent with the way other courts have treated this same language. *See, e.g., Progressive Cas. Ins. Co. v. Chalfant*, 2010 WL 339090, at \*4 (N.D. Ind. Jan. 22, 2010) ("Given that he was returning to the Pizza Hut from a pizza delivery at the time of the accident, he was being paid for his service, meaning he was being 'compensated' at the time. Crager does not provide a convincing argument that Chalfant, whose main responsibility at Pizza Hut was delivering pizzas, was not 'compensated' for this delivery."); *Strader v. Progressive Ins. Co.*, 230 S.W.3d 621, 624, 628 (Mo. Ct. App. 2007) (finding the language "compensation or for a fee"

unambiguous as applied to a rural mail carrier; "An average person purchasing insurance would understand the word 'compensation' to include wages or salary and the word 'fee' to include payment of postage for mail delivery."); *see also U.S. v. Milwaukee Guardian Ins. Co.*, 966 F.2d 1246, 1247 (8th Cir. 1992) (exclusion in policy for vehicle used "to carry persons or property for a charge" applied when postal service employee was using vehicle to deliver telephone books). Accordingly, Ms. Bishop's policy language argument is rejected.

**B.      Factual Issues**

Defendants Bishop and American Family also make two somewhat interrelated arguments that genuine issues of material fact preclude summary judgment. First, American Family argues that, at the time of the accident, Ms. Marling was not using her vehicle "to carry" property for "pickup or delivery," evidenced by the fact that she did not have pizza in her vehicle. Notably, however, this argument – which ignores the fact that Ms. Marling just finished delivering a pizza – was squarely rejected by Judge Simon in *Chalfant*, who wrote as follows:

> Crager also makes the strained argument that the exclusion does not apply because Chalfant was returning from the delivery. But the only reason that Chalfant was driving at the time of the accident was because he was completing a pizza delivery and returning to the Pizza Hut. . . . The policy exclusion applies to the "delivery of food." <u>To exclude the return trip from what constitutes a "delivery" would be preposterous. Under such a reading Chalfant would be found to be compensated for dropping the pizza off but considered "off-duty" when he was returning to the store</u>. Insurance policies are contracts. *Myles v. General Agents Ins. Co. of Am., Inc.,* 197 F.3d 866, 868 (7th Cir.1999). And contracts have to be read sensibly. *Tice v. American Family Airlines, Inc. .,* 288 F.3d 313, 316 (7th Cir.2002). To exclude the return trip from what constitutes a "delivery of food" strains the meaning of the words and the obvious intent of the parties.

2010 WL 339090, at *4 (emphasis added). The Court agrees with this reasoning. Under American Family's proposed reasoning, a delivery person would slip in and out of coverage depending on whether she happened to have a pizza box in her car. That is not a reasonable

7

interpretation of the policy, as it ignores the "round trip" nature of pizza delivery. Therefore, American Family's factual argument is rejected.

Fourth, and finally, Ms. Bishop makes the related argument that the exclusion should not apply because Ms. Marling stopped for gas before returning to Pizza Hut. By making this argument, Ms. Bishop tries to distinguish this case from the virtually identical situation in *Chalfant*, where Judge Simon observed that "[p]erhaps the exclusion would not apply if, *after delivering the pizza*, Chalfant went on a personal errand or had completed his shift and was on his way home." *Id*. at *2 (emphasis added).

Ms. Bishop's attempt to distinguish this case from *Chalfant* fails for two reasons. First, it can hardly be argued that Ms. Marling's decision to stop for gas was a "personal errand." Ms. Marling was a pizza delivery person who drove to her destinations, which is customary for pizza delivery persons. (Indeed, it is hard to imagine a pizza delivery person biking to her destinations compared to, say, a Jimmy Johns delivery person.) Therefore, stopping for gas was inextricably tied to her job. Ms. Marling remained clocked in as a Pizza Hut delivery driver when she stopped for gas and she testified in her deposition that she was getting the gasoline so that she could deliver pizzas. Second, even assuming *arguendo* that Ms. Marling's decision to stop for gas amounted to a personal detour that took her out of the exclusion, Ms. Bishop's argument still fails because, at the time of the accident, Ms. Marling was driving back to Pizza Hut. In other words, by the time the accident actually occurred, Ms. Marling had returned to her job as a delivery person. The exclusion therefore applied. As Judge Simon noted in *Chalfant*, he did not have to decide whether the exclusion applies during a personal errand "because Chalfant admits that 'he had just delivered a pizza <u>and (was on his) way back to the store</u>." *Id*. (emphasis added). That same reasoning applies here.

C.      **Remaining Issue**

One lurking issue remains. American Family summarizes it as follows:

> Before American Family can be liable to Beatrice Bishop under the uninsured motorist coverage, it must be determined that Monica Marling was not insured under any liability insurance policy. Even if Ms. Marling was not insured under the Progressive policy for her vehicle and summary judgment is granted to the Plaintiff, American Family has established that Ms. Marling would be insured under the Fireman's Fund policy for her employment. Therefore, the uninsured motorist provision would not apply for Ms. Bishop, and American Family would be entitled to summary judgment as a matter of law.

(Dkt. 75 at 6). On this specific point, Progressive "makes no response to [American Family's] argument as it concerns Fireman's Fund policy." (Dkt. 73 at 3). This is not particularly surprising; after all, Progressive does not care who has to pay, so long as *it* does not have to pay. In effect, American Family appears to be bringing a declaratory action against Fireman's Fund (who insures Pizza Hut under a "Business Auto Policy"), even though: (1) American Family has never filed a counterclaim, a cross-claim, or a third-party claim, and (2) Fireman's Fund has not been named as a party in this case. This is improper. *See Lee v. Board of Regents of State Colleges*, 306 F. Supp. 1097 (W.D. Wis. 1969) ("In a declaratory judgment action . . . all interested parties are to be joined.") (citation omitted); Fed. R. Civ. P. 19(a).

American Family's request is outside of the parameters of this narrow dispute, which is a declaratory action brought by Progressive pertaining to its own obligations under its own automobile policy. American Family notes that neither Ms. Bishop nor Ms. Marling responded to its cross motion for summary judgment. But it is unclear why they would, given that American Family's argument is seemingly directed at non-party Fireman's Fund. American Family's request appears to be a thinly-veiled invitation for an advisory opinion, which courts cannot provide. *See U.S. v. Accra Pac, Inc.*, 173 F.3d 630, 633 (7th Cir. 1999) ("district judges can't suspend the application of Article III or grant themselves the power to issue advisory

9

opinions one case at a time"). Accordingly, the Court declines to address American Family's request to determine their liability for an uninsured motorist claim.

### IV. Conclusion

Because the exclusion at issue applies under these circumstances, Progressive's Motion for Summary Judgment (Dkt. 60) is **GRANTED** and American Family's Motion for Summary Judgment (Dkt. 63) is **DENIED**.  The Progressive automobile policy at issue does not cover the claims asserted by Ms. Bishop against Ms. Marling arising out of the car accident occurring on September 18, 2009.  Because there is no coverage, Progressive has no duty to Ms. Marling against any related claims.  Final judgment will accompany this entry.

SO ORDERED.

Date: 06/25/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher M. Barry
CRAIG KELLEY & FAULTLESS
cbarry@ckflaw.com

Scott Anthony Faultless
CRAIG KELLEY & FAULTLESS
sfaultless@ckflaw.com

Linda Ann Hammel
YARLING & ROBINSON
lhammel@yarling.com

Robert Scott O'Dell
O'DELL & ASSOCIATES, P.C.
rodell@odell-lawfirm.com

Matthew Charles Robinson
YARLING & ROBINSON
mrobinson@yarling.com

Monica Marling
8830 East 15th Street
Indianapolis, Indiana  46219